**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD HURT, | No. 18-16515 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01122-JAD-CWH |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for IXIS Real Estate Capital Trust 2005-HE3 Mortgage Pass Through Certificates, Series 2005-HE3, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted March 23, 2020[**]
Las Vegas, Nevada

Before: W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Edward Hurt appeals the dismissal of his claims against Deutsche Bank National Trust Company ("DBNTC") based on non-party Deutsche Bank AG's manipulation of the London Interbank Offered Rate ("LIBOR"). We affirm.

In 2005, Hurt purchased a home in Las Vegas, Nevada, with a loan secured by a deed of trust held by Lime Financial Services, Ltd. The deed of trust included an adjustable rate rider tied to the LIBOR. Lime assigned the deed of trust to a real estate trust for which DBNTC serves as trustee. On at least three occasions since 2005, Hurt has become delinquent on his payments under the deed of trust, and DBNTC or its predecessors in interest have initiated foreclosure proceedings against him, most recently in January 2017.

Hurt filed this action in April 2017 alleging that "Deutsche Bank" fraudulently induced him to enter into the deed of trust and demanded interest payments based on the LIBOR while manipulating the LIBOR for its own benefit. As the sole basis for this allegation, Hurt cited an order of the Commodities Futures Trading Commission ("CFTC") that found that Deutsche Bank AG had engaged in misconduct designed to influence financial benchmarks including the LIBOR. Deutsche Bank AG is the parent corporation of DBNTC. The CFTC order does not refer to or otherwise implicate DBNTC in misconduct related to the LIBOR.

2

The district court held that Hurt had failed to state a plausible claim against DBNTC because he did not identify any connection between DBNTC and Deutsche Bank AG's misconduct. It therefore dismissed his first amended complaint without leave to amend. On appeal, Hurt argues that he could have cured any defect in his complaint by alleging that DBNTC knew or should have known of Deutsche Bank AG's misconduct because Deutsche Bank AG is DBNTC's parent corporation.

We agree with the district court that Hurt has failed to state a plausible claim for relief against DBNTC and that any further amendment would be futile. "A basic tenet of American corporate law is that the corporation and its shareholders are distinct entities." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015) (quoting *Dole Food Co. v. Patrickson*, 538 U.S. 468, 474 (2003)). "[T]he mere fact that there exists a parent–subsidiary relationship between two corporations [does not] make the one liable for the torts of its affiliate." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (quoting 1 Fletcher Cyclopedia of Private Corporations § 33 (rev. ed. 1990)). Hurt offers nothing more than this relationship to tie DBNTC to any alleged LIBOR manipulation.

We also reject Hurt's argument that DBNTC failed to provide Hurt with an accurate statement of "[t]he amount in default," Nev. Rev. Stat.

3

§ 107.0805(1)(b)(3), before initiating foreclosure proceedings because it based its interest rate calculations on the published LIBOR rather than what the LIBOR might have been absent manipulation by third-party banks. The deed of trust required the interest rate to be set based on the LIBOR six-month index as published in *The Wall Street Journal*. DBNTC complied with that requirement.

**AFFIRMED.**